# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-20220-KMM

PET PARADE, INC.
on behalf of itself and all others similarly situated

    Plaintiff,

vs.

DV AGENCY, INC. d/b/a
INSURANCESERVICES4U.COM,
NHAN LAM, and WENIG HOLDINGS, LLC,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT AGAINST DEFENDANT DV AGENCY, INC.

**THIS CAUSE** is before the Court upon Plaintiff's Motion For Default Final Judgment against Defendant, DV AGENCY, INC. d/b/a INSURANCESERVICES4U.COM (hereinafter "Defendants" or "DV"). As part of Plaintiff's motion, he makes the following requests:

a) Enter an Order declaring that Plaintiff, individually, is entitled to a Final Judgment in the amount of $2,247.25 against DV AGENCY, INC. for its willful violation of the TCPA, and without prejudice to Plaintiff's class claims or any other putative class member; and

b) To retain jurisdiction over the parties and the subject matter to enforce the terms of this Final Judgment, including the award of execution costs.

**Default Judgment Standard**

Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once this has

occurred, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). The clerk's entry of default causes all well-pleaded allegations of fact to be deemed admitted. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). The Court must accept these facts as true and determine whether they state a claim upon which relief may be granted. *See Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

**Discussion**

Due to the Defendant's failure to participate in this lawsuit a Default Judgment was entered against it.].

The facts alleged in the Amended Complaint, which the Court accepts as true, state a cause of action pursuant to the Telephone Consumer Protection Act of 1991 ("TCPA"), Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227), the rules prescribed under it by the FCC, and the Junk Fax Prevention Act. Based on the uncontested pleading and the Court's review of the affidavits and facsimil filed with the Court, the Court finds that the Defendant willfully sent the unsolicited facsimile advertisement to Plaintiff.

As a result, Plaintiff is entitled to statutory damages of $1,500 in statutory damages under Count I of its Amended Complaint. In addition to the statutory damages, Plaintiff is entitled to $747.25in taxable costs incurred in pursuing this action. These costs are supported by the affidavit submitted by Plaintiff's Attorneys, Joshua H. Eggnatz. [D.E. XX].

Accordingly, a Final Judgment will be entered against Defendant, DV AGENCY, INC., and in favor of Plaintiff, PET PARADE, INC., individually, for a total amount of $2,247.25, without prejudice to Plaintiff's class claims or any other putative class member, which bears interest at the highest statutory rate. The Court finds good cause and supports granting Plaintiff the requested relief.

Accordingly, it is hereby

    a) **ORDERED AND ADJUDGED** that Plaintiff's Motion For Entry of Default Final Judgment Against Defendant, DV AGENCY, INC. is GRANTED. A Final Judgment shall be entered in Plaintiff's favor against Defendant in an amount of $2,247.25 that shall bear interest at the highest statutory rate. The Court retains jurisdiction over the parties and the subject matter to enforce the terms of this Final Judgment, including the award of execution costs

    DONE AND ORDERED in Chambers in Fort Lauderdale, Florida on this \_\_\_\_ day of _____, 20\_\_\_.

_____
United States District Court Judge

Copies furnished upon all counsel of record