UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20220-KMM

PET PARADE, INC.,

    Plaintiff,

v.

DV AGENCY, INC., *et al.*,

    Defendants.
                                               /

## ORDER

THIS CAUSE came before the Court upon Plaintiff Pet Parade, Inc.'s ("Plaintiff") Motion for Default Final Judgment Against Defendant DV Agency, Inc. ("Defendant DV"). ("Mot.") (ECF No. 28). Defendant DV did not respond and the time to do so has passed. The Motion is now ripe for review.

**I.    BACKGROUND**

On May 18, 2020, Plaintiff filed its First Amended Class Action Complaint against Defendant DV, Defendant Nhan Lam ("Defendant Lam"), and Defendant Wenig Holdings, LLC ("Defendant Wenig") asserting claims against all three Defendants for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *See genearlly* Am. Compl. (ECF No. 16). Plaintiff alleges that Defendants sent unsolicited facsimile advertisements to it in violation of the TCPA because (1) there was not an established business relationship between the sender and the recipient; (2) the advertisements did not include the requisite opt-out language as set forth in the statute; and (3) Plaintiff did not give Defendants permission to send it facsimile advertisements. *Id.* ¶¶ 2, 4.

On July 24, 2020, Plaintiff dismissed its claims against Defendant Wenig (ECF Nos. 20, 24) and, because Defendant DV failed to answer the Complaint or otherwise appear, Plaintiff moved for Clerk's Entry of Default, which the Clerk of Court granted (ECF Nos. 22, 23). Now, Plaintiff moves for final default judgment against Defendant DV. *See generally* Mot. While Plaintiff sought and was granted leave to conduct class certification and class damages related discovery (ECF Nos. 26, 27), Plaintiff has been unable to secure the needed class discovery and thus seeks final judgment as to individual claims at this time. *Id.* at 1–2.

## II.    LEGAL STANDARD

A court may enter default judgment against a defendant pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(b)(2). "The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court." *Garrido v. Linden Contracting Servs.*, No. 0:14-cv-60469-KMM, 2014 WL 12603170, at *1 (S.D. Fla. Aug. 21, 2014). "Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered." *Id.* (citation omitted). "A party in default has admitted all well-pleaded allegations of fact." *Id.* (citation omitted).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citation omitted). Damages may be awarded without an evidentiary hearing only if the record adequately reflects the basis for award via "'a demonstration by detailed affidavits establishing the necessary facts.'" *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also SEC v. Smyth*, 420 F.3d

1225, 1231–32 (11th Cir. 2005).  In other words, a court may award damages "as long as the record contains evidence allowing the court to ascertain damages from 'mathematical calculations' and 'detailed affidavits.'" *Holtz v. Bagel Mkt., Inc.*, No. 12-62040-CIV, 2013 WL 12141515, at *2 (S.D. Fla. Apr. 29, 2013) (quoting *Adolph Coors*, 777 F.2d at 1543–44).

### III.    DISCUSSION

#### A.    Liability

Plaintiff moves for default judgment for Defendant DV's violation of the TCPA.  *See generally* Mot.  The TCPA, in relevant part, prohibits the use of facsimile machines to send unsolicited advertisements unless (1) the unsolicited advertisement is from a sender with an established business relationship with the recipient; (2) the sender obtained the recipients facsimile number either through the recipient's voluntary communication of the number or through a directory, advertisement, or internet site to which the recipient voluntarily agreed to make its facsimile number available for distribution; and (3) the unsolicited advertisement contains an opt-out notice as set forth in the statute.  *See* § 227(b)(1)(C)(i)–(iii).  Here, Plaintiff alleges that it received numerous facsimile advertisements from Defendants; Plaintiff and Defendants do not have an established business relationship; and the advertisements did not contain the requisite opt-out notice.  *See* Am. Compl. ¶ 31.  Plaintiff attached an example of such an advertisement as Exhibit A to its Amended Complaint.  *See* (ECF No. 16-1).  By defaulting, Defendant DV admits these allegations.  *Garrido*, 2014 WL 12603170, at *1.

#### B.    Damages

In addition to entering default judgment on liability, a court must determine the amount of damages to be awarded.  *See Holtz*, 2013 WL 12141515, at *2.  The burden is on the plaintiff to prove the amount of damages owed.  *Varela v. Innovating Wiring Sols., LLC*, No. 6:07-cv-165-

3

Orl-28KRS, 2009 WL 1795044, at *4 (M.D. Fla. June 22, 2009). "Affidavits based on personal knowledge can be sufficient evidence to establish damages." *Holtz*, 2013 WL 1214515, at *2 (citation omitted).

Here, Plaintiff seeks to recover (1) statutory damages in the amount of $1,500.00; and (2) taxable costs in the amount of $747.25. Mot. at 2–3. Plaintiff has not, however, provided sufficient evidence in support of the full damages award sought. *See generally id.*

First, regarding the statutory damages, Plaintiff seeks the statutory maximum of $1,500.00. *See id.* at 2–3. The statute provides:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
>
> (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500[.00] in damages for each such violation, whichever is greater, or
> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

§ 227(b)(3).

Plaintiff seeks treble damages here "[b]ecause of Defendant's knowing and/or willful violation" of the TCPA. Mot. at 2. Plaintiff's argument fails, however, because the Amended Complaint provides nothing more than conclusory allegations such as "Defendants' sending of the foregoing fax and others, or Defendants causing them to be sent, was conscious and deliberate" and "Defendants either directly participated in sending the faxes itself or an agent or contractor or third party did so on it's behalf with Defendant[s'] knowledge." *See* Am. Compl. ¶¶ 35–36; *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015) (finding that "the

4

bare assertion in [the plaintiff's] complaint that the defendants 'willfully' and 'knowingly' violated the Act was a legal conclusion, not an allegation of fact that [the court] must accept as true." (citation omitted)). There is no factual basis to support a finding that Defendant DV acted willfully or knowingly to support the maximum damages award sought here. *See generally* Am. Compl. Plaintiff submitted one example of a facsimile in support of its Amended Complaint which supports a single violation of the TCPA. *See* (ECF No. 16-1). While Plaintiff alleges that Defendants "sent and/or arranged to be sent hundreds, or thousands, of fax advertisements," Plaintiff initially sought relief on behalf of itself and other class members and further stated that "Plaintiff and each Class Member[] received at least one of them." Am. Compl. ¶¶ 31, 57. Accordingly, the Court awards statutory damages in the amount of $500.00 for one violation of the TCPA. *See* § 227(b)(3)(B).

Second, Plaintiff seeks "recovery of his taxable costs in the amount of $747.25." Mot. at 2. Rule 54(d) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules or, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Plaintiff attached to the Motion the Affidavit of Joshua H. Eggnatz, Esq. ("Eggnatz"), in which Eggnatz explains that the amount sought includes the complaint filing fee, service of process fees, postage and copy fees, and a third-party subpoena fee. *See* (ECF No. 28-1) at 4. The Court finds these fees to be fair and reasonable. Accordingly, the Court awards costs in the amount of $747.25.

## IV. CONCLUSION

UPON CONSIDERATION of the Complaint, the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiff's Motion for Default Final Judgment Against Defendant DV Agency,

Inc. is GRANTED IN PART AND DENIED IN PART. It is further ORDERED AND ADJUDGED that Default Judgment is entered against Defendant DV in the amount of $1,247.25. The Court retains jurisdiction to enter any other order for post-judgment relief as may be appropriate.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of January, 2021.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:        All counsel of record